# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                                                  CV 10-0263 MCA/WPL

DOUGLAS F. VAUGHN,
THE VAUGHN COMPANY, REALTORS, INC.,
AND VAUGHN CAPITAL, LLC,

    Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO STAY LAWSUIT

This matter is before me on Douglas F. Vaughn's Motion to Stay Plaintiff's Lawsuit Pursuant to U.S. Bankruptcy Code Section 362. (Doc. 49.) Vaughn argues that the automatic stay provision codified in the Bankruptcy Code at 11 U.S.C. § 362(a)(3) should operate to stay the Securities and Exchange Commission's ("SEC") civil enforcement action against him while his bankruptcy petition is pending. Vaughn provides no legal support for his argument, however,[1] and asserts only that three unnamed attorneys told him that § 362 should stay the SEC's case. (Doc. 49.)

11 U.S.C. § 362(a)(3) does operate as a stay on "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." There are exceptions in subsection (b), though, and 11 U.S.C. § 362(b)(4) lifts the stay in § 362(a)(3) for:

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power.

---

[1] Vaughn is reminded that D.N.M.LR-Civ. 7.3(a) requires that "[a] motion . . . must cite authority in support of the legal positions advanced."

The Tenth Circuit has recognized the development of two tests - the "pecuniary purpose" test and the "public policy" test - for determining whether a governmental agency's actions fit within the exception in 11 U.S.C. § 362(b)(4). *In re Yellow Cab Coop. Ass'n*, 132 F.3d 591, 597 (10th Cir. 1997). It has explained that:

> Under the "pecuniary purpose" test, the court asks whether the government's proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property and not to matters of public policy. If it is evident that a governmental action is primarily for the purpose of protecting a pecuniary interest, then the action should not be excepted from the stay. In contrast, the "public policy" test distinguishes between government proceedings aimed at effectuating public policy and those aimed at adjudicating private rights. Under this second test, actions taken for the purpose of advancing private rights are not excepted from the stay.

*Id.* (citation omitted).

Although the Tenth Circuit has not considered an SEC civil enforcement action under these tests, there is considerable authority for the proposition that the SEC acts to protect the public safety when it seeks to enjoin a defendant from violations of federal securities laws or to cause a defendant to disgorge ill-gotten gains obtained from violating such laws. *See, e.g.*, *SEC v. Rind*, 991 F.2d 1486, 1490-91 (9th Cir. 1993) (finding that the SEC's civil enforcement actions "promote economic and social policies independent of the claims of individual investors," and that "[b]y deterring violations of the securities laws, disgorgement actions further the Commission's public policy mission of protecting investors and safeguarding the integrity of the markets."). The SEC alleges that Defendants have operated a Ponzi scheme that has resulted in the loss of approximately $80 million spread across approximately 600 investors. (Doc. 1 at 2, 6.) I find that the SEC's actions in this case have been to effectuate public policy and not to adjudicate or advance a private interest, thereby passing both tests.

The nature of the SEC's suit also meets with the exception in 11 U.S.C. § 362(b)(4). The

Second Circuit has noted that "[it] is well established that the governmental unit exception of § 362(b)(4) permits the *entry* of a money judgment against a debtor so long as the proceeding in which such a judgment is entered is one to enforce the governmental unit's police or regulatory power." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (emphasis in original). Here, the SEC is a governmental unit that brought suit pursuant to its regulatory powers. It seeks an order requiring the Defendants to disgorge ill-gotten gains and to pay penalties (Doc. 1 at 14-15); the SEC does not have a money judgment that it is seeking to enforce. *See id.* (cautioning that "anything beyond the mere entry of a money judgment against a debtor is prohibited by the automatic stay.") (emphasis omitted).

Finally, I agree with the SEC that granting a stay would frustrate the purpose of the § 362(b)(4) exception. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1024 (2d Cir. 1991) (stating that the purpose of the exception is "to avoid frustrating necessary governmental functions by seeking refuge in bankruptcy court.") (citation and internal quotation marks omitted). The House report discussing the 1998 amendments to 11 U.S.C. § 362(b)(4) explained that "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." H.R. REP. NO. 95-595, at 343, U.S. Code Cong. & Admin. News at 6299. The SEC is seeking to prevent the violation of securities fraud laws, and so applying the § 362(b)(4) exception is squarely in line with legislative intent.

For the foregoing reasons, IT IS THEREFORE ORDERED that Vaughn's motion to stay is DENIED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

4