UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                                          CV 10-263 MCA/WPL

       v.

DOUGLAS F. VAUGHAN,
THE VAUGHAN COMPANY, REALTORS, INC.,
and
VAUGHAN CAPITAL, LLC.,

                Defendants.


**JUDGMENT AS TO DEFENDANT THE VAUGHAN COMPANY, REALTORS, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant The Vaughan Company, Realtors, Inc., having entered a general appearance on April 16, 2010 (Docket No. 16); the Chapter 11 Bankruptcy Trustee for the Defendant having consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment against Defendant without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

  or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

I&#x1d5a7; I&#x1d5a6; HEREBY F&#x1d616;&#x1d621;&#x1d624;&#x1d61b;&#x1d622;&#x1d620;&#x1d621; O&#x1d621;&#x1d60a;&#x1d60e;&#x1d621;&#x1d60e;&#x1d60a;, A&#x1d60a;&#x1d61b;&#x1d622;&#x1d60a;&#x1d610;&#x1d60e;&#x1d60a;, A&#x1d61f;&#x1d60a; D&#x1d60e;&#x1d60c;&#x1d621;&#x1d60e;&#x1d60e;&#x1d60a; that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, unless registered as a broker or dealer as provided by law, acting as a broker or dealer (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) and making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this

Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court;  (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure; and (e)  distributions, if any, to non-insider investors in the Defendant, as the term insider is defined by 11 U.S.C. § 101(31), and which are made pursuant to a Plan of Reorganization or liquidation approved by the Bankruptcy Court in In re The Vaughan Company, Realtors, Case No. 1:10bk10759 (Bankr. D. N.M.) ("the Bankruptcy Case"), shall be considered payments of disgorgement; provided however, that disgorgement shall be paid to the Commission if no Plan is approved by the Bankruptcy Court or if no distribution is made in the Bankruptcy Case  to non-insider investors.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the asset freeze and document retention order in paragraphs VI.A, VI.B., and IX. of the Order for Preliminary Injunction, Asset Freeze, and Other Equitable Relief [Docket # 19] entered on April 15, 2010, shall remain and continue in full force and effect until such time as the Court orders otherwise, except that the Bankruptcy Trustee may use property of the bankruptcy estate consistent with this Judgment

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if another party does not bring an action under 11 U.S.C. Sec. 510 to subordinate any claims or assertions of interest by an insider of Defendant to satisfaction of all other claims and interests, or does not file an objection under 11 U.S.C. Sec. 502 to any claim filed by an insider of Defendant, the Bankruptcy Trustee shall bring a timely action under 11 U.S.C. Sec. 510 or a timely objection to such claim(s) under 11 U.S.C. Sec. 502.

IX.

I<small>T</small> I<small>S</small> F<small>URTHER</small> O<small>RDERED</small>, A<small>DJUDGED</small>, A<small>ND</small> D<small>ECREED</small> that this Court shall retain jurisdiction of this matter.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE