UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


SECURITIES AND EXCHANGE
COMMISSION,

                            Plaintiff,

                                          Case No. 10-cv-00263 - MV -WPL

                     v.

DOUGLAS F. VAUGHAN
THE VAUGHAN COMPANY, REALTORS,
INC. and
VAUGHAN CAPITAL, LLC,

                            Defendants.


**DEFAULT JUDGMENT AS TO VAUGHAN CAPITAL, LLC**

     This Matter comes before the Court on Plaintiff's Motion for a Default Judgment against Vaughan Capital, LLC (hereafter "Defendant" or "Vaughan Capital").

     The Commission filed the complaint on March 23, 2010.  On March 24, 2010, the Court issued an ex parte temporary restraining order against Vaughan Capital, and defendants Douglas F. Vaughan ("Vaughan"), and The Vaughan Company Realtors, Inc. ("Vaughan Realtors") that enjoined them from violating the antifraud, registration, and with respect to Vaughan and Vaughan Realtors, broker-dealer provisions of the federal securities laws.  (ECF No. 8).  On April 14, 2010, the Court entered a preliminary injunction against Vaughan Capital, Vaughan, and The Vaughan Company Realtors, Inc.  (ECF No. 19).  On January 27, 2011, the Clerk of the Court entered the default of Vaughan Capital.  (ECF No. 64).

The Court finds:

1. This Court has jurisdiction over the subject matter of this action and over Defendant.

2. Vaughan Capital is a New Mexico limited liability corporation.

3. On March 26, 2010, the Commission effected valid service of the summons and complaint on the registered agent of Vaughan Capital.

4. Vaughan Capital has failed to answer or otherwise defend this case and is in default. An attorney authorized to practice before the Court has not appeared on behalf of Vaughan Capital as required by D.N.M.LR-Civ. 83.

5. The SEC applied for entry of default against Vaughan Capital on January 24, 2011. (ECF No. 62). On February 27, 2011, the Clerk of the Court entered a valid default pursuant to Federal Rule of Civil 55(a). (ECF No. 64).

6. The Commission filed a motion for entry of a default judgment against Vaughan Capital and accompanying memorandum of facts and law on December 6, 2012.

7. Having considered the motion and the accompanying memorandum of facts and law, and the entire record in this case, which is extensive, I find that the Commission has made a sufficient and proper showing in support of the relief granted herein by establishing that Vaughan Capital, directly or indirectly, engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 5 and 17(a) of the Securities Act [15 U.S.C. §§ 77e and 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b) and 78o], and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

THEREFORE:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

        instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Default Judgment.

### V.

IT IS HEREBY ORDERED that the Commission's claim for disgorgement, prejudgment interest, and civil penalty against Vaughan Capital is dismissed.

### VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Default Judgment forthwith and without further notice.

SO ORDERED this 7th day of January, 2013.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE